UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND McGILL,<br><br>        Petitioner,<br>vs.<br><br>STATE OF CALIFORNIA,<br><br>        Respondent. | ) Case No. CV 09-1073-VBF(RC)<br>)<br>)<br>)<br>) OPINION AND ORDER ON A<br>) PETITION FOR HABEAS CORPUS<br>)<br>)<br>) |

On February 13, 2009, petitioner Desmond McGill, a person in state custody proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254,[1] challenging his conviction and sentence for carjacking and robbery in Los Angeles Superior Court case no. SA065045.  Petition at 2.  The petition shows on its face that petitioner did not timely appeal his state court judgment, and thus, did not seek review in the California Supreme Court.  Petition at 2-3.

---

[1]  Although petitioner has not named the proper respondent, see Rule 2(a) ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody."), it would be futile to order him to amend the petition to do so when he has not exhausted his claims.

1  Further, petitioner has brought habeas corpus petitions only in the
2  Superior Court, and has not sought habeas relief in the California
3  Supreme Court.  Petition at 4.

**DISCUSSION**

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. §§ 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842-43, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Rose v. Lundy, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 1201-02, 71 L. Ed. 2d 379 (1982); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 984-85 (9th Cir.), cert. denied, 119 S. Ct. 274 (1998).  "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971) (internal quotation marks, citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119 S. Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).  "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  Lundy, 455 U.S. at 518, 102 S. Ct. at 1203.

Here, petitioner did not petition the California Supreme Court for review and has not petitioned the California Supreme Court for collateral relief.  Since petitioner's claims have not been exhausted in the state courts, the pending habeas petition must be dismissed

2

1  without prejudice.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct.
2  2546, 2554-55, 115 L. Ed. 2d 640 (1991); Lundy, 455 U.S. at 522, 102
3  S. Ct. at 1205.

5      Rule 4 of the Rules Governing Section 2254 Cases in the United
6  States Courts provides that "[i]f it plainly appears from the petition
7  and any attached exhibits that the petitioner is not entitled to
8  relief in the district court, the judge must dismiss the petition and
9  direct the clerk to notify the petitioner."  The instant petition
10 shows that petitioner has not exhausted his state court remedies
11 regarding the claims in the pending petition; thus, the petition must
12 be dismissed without prejudice.

**ORDER**

IT IS ORDERED that Judgment be entered DISMISSING without prejudice the petition for writ of habeas corpus.

IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

DATE: February 20, 2009

/s/ Valerie Baker Fairbank
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE:   February 19, 2009

   /S/ Rosalyn M. Chapman
     ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE
R&Rs-MDOs\09-1073.mdo
2/19/09

3